IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY WOODS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-812-SLR |
| | ) |
| SUE SCHAPPELLE and DR. ROBERTA | ) |
| BURNS, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 24th day of May, 2006.

Plaintiff Anthony C. Woods, an inmate at the Sussex Correctional Institute ("SCI"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and on December 13, 2005, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 3)

Plaintiff filed suit against two defendants: registered nurse Sue Schapelle and Dr. Roberta Burns. In accordance with the court's order of February 3, 2006, plaintiff returned to the court completed USM-285 forms for service upon the defendants. The USM-285 form for Sue Schapelle was filled out to "**SERVE** Sue Schappell, Correctional Medical Service **AT** 12647 Olive Boulevard, St. Louis, MO 63141." (D.I. 12) The USM-285 was returned as unexecuted with the remarks, "no longer @ DOC - CMS will not accept for individuals. Ret unexecuted." Id.

Correctional Medical Services, a private contract vendor, provides medical services for inmates in the custody of the

Delaware Department of Correction ("DOC"). The complaint alleges that Sue Schappelle was a registered nurse at the SCI, but the unexecuted return indicates that she no longer works as a nurse at DOC facilities. (D.I. 2, 12) The unexecuted return also indicates that despite its contract with the DOC, CMS will not accept service for individuals.

The court has an obligation to assist pro se plaintiffs in the service of process. Palmer v. Stewart, No. 02 Civ.4076 LTS GWG, 2003 WL 21279440 (S.D.N.Y June 4, 2003) (citing Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997)). Indeed, many courts have entered orders to assist a pro se plaintiff in identifying and obtaining addresses of defendants so that service may be effected. See In Re Johnson, No. 02-5225, 2001 WL 1286254 (D.C. Cir. Sept. 28, 2001) (district court ordered individual to indicate where and when he was available for service of process or to provide district court with name and address of individual authorized to accept service of process on his behalf); Palmer v. Stewart, No. 02 Civ.4076 LTS GWG, 2003 WL 21279440 (S.D.N.Y June 4, 2003) (court ordered counsel for New York City to file an affidavit containing name and address to assist pro se plaintiff in service of process); Garrett v. Miller, No. 02 C 5437, 2003 WL 1790954 (N.D. Ill. Apr. 1, 2003) (counsel for defendants ordered to provide address to court to assist pro se plaintiff in obtaining service of process); Dudley v. Texas Instruments, Inc.,

No. Civ.A. 302CV292M, 2002 WL 992766 (N.D. Tex. May 13, 2002) (court determines assistance should be provided to pro se plaintiff to help him effect proper service, and counsel for corporation is ordered to provide plaintiff with names and addresses of corporate officers and registered agent); Bloomer v. City of New York, No. CV 89-592(RR), 1994 WL 92388 (E.D.N.Y. Mar. 3, 1994) (court ordered counsel for New York City, who did not represent police officers in their individual capacity, to provide addresses of police officers when counsel refused to accept service for officers).

Additionally, the court's inherent power allows it to enter orders to manage its own affairs "so as to achieve the orderly and expeditious disposition of cases." Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 629-31 (1962). Similarly, a court has the inherent power to find a nonparty in contempt and impose coercive sanctions for failure to comply with a court's order. General Ins. Co. of Am. v. Eastern Consol. Utilities, Inc., 126 F.3d 215 n. 5 (3d Cir. 1997); Inmates of the Allegheny County Jail v. Wecht, 901 F.2d 1191, 1198 (3d Cir. 1990); Parkway Gallery Furniture, Inc., v. Kittinger/Pennsylvania House Group, 121 F.R.D. 264, 267 (M.D. N.C. 1988).

THEREFORE, IT IS ORDERED that on or before **June 9, 2006**, Correctional Medical Services shall provide to the court the last

known address for Sue Schappelle, or in the alternative, if Sue Schapelle is still employed by Correctional Medical Services, the correctional facility where she is now located, so that she may be served.

Correctional Medical Services is put on notice that failure to comply with this order may result in a finding of contempt.

The clerk of the court is directed to serve a copy of this order, by certified mail, upon Correctional Medical Services at its corporate headquarters, 12647 Olive Boulevard, St. Louis, MO 63141.

_____
UNITED STATES DISTRICT JUDGE