## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANTHONY C. WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 05-812-SLR |
| | ) | |
| SUE SCHAPPELL and DR. ROBERTA BURNS, | ) ) | |
| | ) | JURY TRIAL BY TWELVE |
| Defendants. | ) | DEMANDED |

### MOTION OF DEFENDANT, DR. ROBERTA BURNS, TO DISMISS PLAINTIFF'S COMPLAINT[1]

Defendant, Dr. Roberta Burns ("Dr. Burns"), through her undersigned counsel, hereby respectfully moves this Honorable Court to enter the attached Order, dismissing plaintiff's Complaint with prejudice and, in support thereof, avers as follows:

1. Plaintiff filed a Complaint in this matter on November 25, 2005 alleging violations of his Eighth Amendment Rights under 42 U.S.C. §1983. A copy of plaintiff's Complaint is attached hereto as Exhibit "1".

2. In his Complaint, plaintiff states that he filed a medical grievance form regarding a medical injury he allegedly sustained to his arm on October 7, 2005 and then had an x-ray taken and was provided seven days of pain medication. See Exhibit "1" at ¶ II.

3. The plaintiff has failed to exhaust his administrative remedies available to him as required by the Prison Litigation Reform Act of 1996. 42 U.S.C. §1997e (a) provides that:

> No action shall be brought with respect to prison conditions under Section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such

---

[1] Defendant, Dr. Burns, waives her right to file an Opening Brief and submits this Motion in lieu thereof pursuant to Local Rule 7.1.2. However, defendant, Dr. Burns, reserves the right to file a Reply Brief.

administrative remedies as are available to him are exhausted.

4. The Courts have upheld the requirements of 42 U.S.C. §1997e (a), and stated that an inmate must first exhaust all the administrative remedies available to him/her prior to filing a §1983 action premised upon prison conditions. Nyhuis v. Reno, 204 F.3d 65, 67 (3rd Cir. 2000) ("(T)he PLRA amended § 1997e(a) in such a way as to make exhaustion of all administrative remedies mandatory-whether or not they provide the inmate-plaintiff with the relief he says he desires in his federal action.") ; see also Booth v. Churner, 206 F.3d 289, 294-295 (3d Cir. 2000), aff'd, 532 U.S. 731 (§1997 e (a) mandates that exhaustion of administrative procedures is required, regardless of the relief offered.)

5. Prison conditions have been defined to include the environment in which the prisoners live, the physical conditions of that environment and the nature of the services provided therein. Booth, 206 F.3d at 291.

6. The Delaware Department of Corrections has established administrative procedures that an inmate must follow to file a medical grievance. See Exhibit "2", at 6. An inmate must file a grievance with the Inmate Grievance Chairperson (IGC) who then forwards it to the medical staff for review. If action needs to be taken, the medical staff is required to attempt an informal resolution of the grievance with the inmate. If the grievance cannot be resolved informally, the grievance is forwarded to the Medical Grievance Committee to conduct a hearing. Id.

7. If the medical grievance hearing decision does not satisfy the inmate, the inmate may complete a Medical Grievance Committee Appeal Statement which is then submitted to the Bureau Grievance Officer. See Exhibit "2", at 7. The Bureau Grievance Officer recommends a course of action to the Bureau Chief of Prisons, who renders a final decision.

8.      It is clear from the Complaint that the plaintiff is complaining about a prison condition which under 42 U.S.C. §1997e(a) required him to exhaust all the administrative remedies available to him.  It is equally clear from a review of the Complaint that the plaintiff never exhausted his administrative remedies made available by the Delaware Department of Corrections.  Plaintiff admits in his Complaint that he filed a Medical Grievance Form and was then provided treatment in the form of an x-ray and pain medication.  No further action appears to have been taken by plaintiff with regards to exhausting his administrative remedies.  <u>See</u> Exhibit "1" at ¶ IV.  Therefore, plaintiff did not exhaust all administrative remedies available to him.

9.      42 U.S.C. §1997e (a) should be applied without exception to promote the policy behind the exhaustion requirement, which is to allow the Department of Corrections an opportunity to discover and correct mistakes and conserve judicial resources.  <u>O'Neil v. Kearney, et al.</u>, C.A. No. 99-849-SLR, Memorandum Order (Robinson, J. November 6, 2000) (<u>citing</u> <u>Nyhuis v. Reno</u>, 204 F.3d 65, 75 (3rd Cir. 2000)).  (Attached as Exhibit "3").  At the time this action was filed, several procedural steps remained under the Department of Corrections Inmate Grievance Procedure that were not completed, thereby obviating any opportunity to discover and correct any alleged mistake and wasting judicial resources.  Therefore, plaintiff's Complaint must be dismissed.

10.     A claim may be dismissed because it fails to allege sufficient facts to support a cognizable legal claim. Fed. R. Civ. P. 12(b)(6).  Even a pro se litigant must plead sufficient facts to sustain a legal claim.  <u>See</u> <u>Riddle v. Mondragon</u>, 83 F. 3d 1197, 1202 (10th Cir. 1996).

11.     In order to state a cognizable claim for violations of civil rights in connection with medical treatment, "a prisoner must allege and prove acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977). A plaintiff must prove that the defendant either acted with "reckless disregard" or "actual intent" to disregard his medical condition to satisfy the "deliberate indifference" test set forth in Estelle. Benson v. Cady, 761 F.2d 335, 339 (7th Cir. 1985). To show "deliberate indifference", a plaintiff must demonstrate that the individual attending to his medical condition consciously disregarded a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 838 (1994). In addition, a plaintiff must allege that his medical condition is "serious". Boring v Kozakiewicz, 833 F.2d 468, 472 (3d Cir. 1987), cert. denied, 485 U.S. 991 (1988). Mere medical malpractice does not give rise to a claim for a violation of the Eighth Amendment to the U.S. Constitution. Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993). A claim for medical malpractice should be brought in state court under the applicable tort law, not in federal court. Estelle, 429 U.S. at 107.

12.     In this case, the plaintiff alleges that he was treated with deliberate indifference in violation of his Eighth Amendment rights. There are no facts in the Complaint that demonstrate a deliberate indifference toward a serious medical condition on the part of defendant, Dr. Burns.

13.     The plaintiff cannot prove that there was a deliberate indifference by Dr. Burns in not rendering medical care. Plaintiff admitted that medical care was rendered. Plaintiff alleged in his Complaint that he informed the medical department on October 6, 1005 that his arm was broken. He also alleged that he was informed that he would put on a list to see Dr. Burns on October 13, 2005 and then admits that he was seen by Dr. Burns on this date. See Exhibit "1".

Case 1:05-cv-00812-SLR    Document 15    Filed 05/30/2006    Page 5 of 5

14. Plaintiff alleges that he has not been treated since October 13, 2005. On October 6, 2005, he was incarcerated at Sussex Correctional Institution.[2] Medical records reflect that plaintiff received treatment for his right arm on October 20, 2005 and October 31, 2005. In fact, Plaintiff received regular treatment on his right arm from October 6, 2005 through April 13, 2006, including surgery on March 6, 2006. Treatment was provided both at the prison as well as off-site with Dr. Sopa and Dr. McDonald. Plaintiff also received x-rays of his right arm on October 19, 2005, November 16, 2005, December 21, 2005 and April 19, 2006. Insofar as Plaintiff claims he was not provided immediate treatment after October 13, 2005, from October 17, 2005 through October 23, 2005, Plaintiff refused treatment or pain medication on seven different occasions. A deliberate indifference to a serious medical need does not exist in this case.

WHEREFORE, defendant, Dr. Roberta Burns, moves this Honorable Court to dismiss all claims against her pursuant to Federal Rule of Civil Procedure 12(b)(6).

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

BY: _/s/ Kevin J. Connors_
KEVIN J. CONNORS, ESQ.
DE Bar ID: 2135
1220 North Market Street, 5th Fl.
P.O. Box 8888
Wilmington, DE 19899-8888
Attorney for Defendant, Dr. Roberta Burns

DATED: May 30, 2006

\15_A\LIAB\ESTHOMPSON\LLPG\354925\ESTHOMPSON\13252\00164

---

[2] Medical records dated June 19, 2005 through April 13, 2006 are attached as Exhibit "4".