IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY C. WOODS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-812-SLR |
| | ) |
| DR. ROBERTA BURNS, | ) |
| | ) |
| Defendant. | ) |

Anthony C. Woods, pro se Plaintiff.

Kevin J. Connors, Esquire, Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, Delaware. Counsel for Dr. Roberta Burns.

**MEMORANDUM OPINION**

Dated: January 12, 2007
Wilmington, Delaware

ROBINSON, Chief Judge

## I. INTRODUCTION

Plaintiff Anthony C. Woods, proceeding pro se, filed this action on November 25, 2005, pursuant to 42 U.S.C. § 1983, against Sue Schapelle ("Schapelle") and Dr. Roberta Burns ("Dr. Burns"). On December 11, 2006, the court dismissed Schapelle pursuant to Fed. R. Civ. P. 4(m). (D.I. 23)

Plaintiff alleges that Dr. Burns violated his constitutional rights when she was deliberately indifferent to his serious medical need. Now before the court is defendant's motion to dismiss. (D.I. 15) On July 25, 2006, the court deemed to review the motion as one for summary judgment pursuant to Fed. R. Civ. P. 12(b). (D. I. 20) The court stated it accepted as true averments in an affidavit submitted in support of the motion for summary judgment, unless plaintiff filed a counter-affidavit or statement under penalty of perjury refuting the averments. Id. The court entered a briefing schedule for plaintiff to file and serve his response on or before August 25, 2006. Id. Plaintiff did not file a response, nor has he filed any documents with the court since August 4, 2006, when he filed a motion for appointment of counsel. (D.I. 21) For the reasons set forth below, the court will grant the motion for summary judgment and will deny as moot the motion for appointment of counsel.

## II.  BACKGROUND

Plaintiff alleges that on October 7, 2005, he informed the medical department that his arm was broken, he was seen by Schapelle, and asked to be placed on the doctor's list on October 13, 2005.  (D.I. 2)  He alleges that he saw Dr. Burns on October 13, 2005, informed her of the situation, and was told that the medical department would "get right on it."  Plaintiff signed his complaint on November 8, 2005, and alleges that he had not yet seen a doctor.

Plaintiff began his incarceration at the Sussex Correctional Institution ("SCI") on October 6, 2005.  (D.I. 15, Ex. 4)  During the intake screening, plaintiff indicated that his right wrist was fractured on September 23, 2005, and he was "supposed to have surgery on it [that] morning."  Id.  He was referred to a physician.  Id.

Plaintiff received medical treatment on October 8 and 10, 2005.[1]  Plaintiff was admitted to the infirmary on October 9, 2005 for "preop."  He was seen by Dr. Burns on October 14, 2005, who requested x-rays and medical records from Milford Hospital.  A follow-up visit was scheduled for the next week.  X-rays were taken of the right forearm and wrist on October 19, 2005.  On October 17, 18, 19, 21, 22, and 23, 2005, plaintiff signed

---

[1]The medical information the court will discuss is found in the record at D.I. 15, Ex. 4.

Correctional Medical Services ("CMS") release of responsibility forms and refused to accept treatment/recommendations for "hand treatment," "hand fx," and medication.

Dr. Burns next saw plaintiff on October 25, 2004, and at that time she referred plaintiff to an orthopaedic surgeon. A consultation was scheduled for November 9, 2005. Plaintiff was seen at medical on October 31, November 10, and December 12, 2005. X-rays were taken of the right forearm on November 16, 2005.

On December 12, 2005, plaintiff was referred for a surgical repair of a forearm fracture. A physical assessment was performed on December 12, 2005. Plaintiff was seen by Dr. Burns on December 15, 2005, and January 4, 7, and 9, 2006. An x-ray of the right wrist was taken on December 21, 2005.

Plaintiff was seen by Dr. Burns on February 7 and 13, 2006. On February 13, 2006, plaintiff was referred for surgical repair of the right arm. A prison transfer form dated February 17, 2006, indicates that plaintiff has a healing fracture of the right radius, that he was scheduled for a physician consultation, and that he was referred for surgery.

Plaintiff was admitted for same-day surgery on March 16, 2006, for post-operative wrist repair. He was prescribed pain medication and on March 17, 2006, was restricted to "no lifting or pushing with r[ight] arm. may use hand & move arm at will."

On March 17, 2006, a memo was written for extra wrist surgery. Plaintiff was seen on March 18, 21, 30, and 31, April 4 and 13, and May 11, 2006. An x-ray of the right forearm and right wrist was taken on April 5, 2006. The physicians' orders dated April 13, 2006, indicate that plaintiff was scheduled for an x-ray of the forearm and scheduled for an orthopedic appointment, both to take place in May. An x-ray of the right forearm was performed on April 19, 2006.

### III. DISCUSSION

#### A. Standard of Review

A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n. 10 (1986). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." Horowitz v. Federal Kemper Life Assurance Co., 57 F.3d 300, 302 n.1 (3d Cir. 1995) (internal citations omitted). If the moving party has

demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

**B.   Serious Medical Need**

Dr. Burns argues that plaintiff's complaint should be dismissed for failure to exhaust his administrative remedies.[2] Alternatively, Dr. Burns moves for summary judgment and argues

---

[2]The court will not address the exhaustion issue inasmuch as there is no constitutional violation.

that there are no facts in the complaint that demonstrate she was deliberately indifferent towards a serious medical need. Dr. Burns contends that the medical records support her position that deliberate indifference to serious medical needs does not exist in this case.

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-105 (1976). However, in order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. Estelle v. Gamble, 429 U.S. at 104; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. Farmer v. Brennan, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." Estelle v. Gamble, 429 U.S. at 104-05.

"[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. Harrison v. Barkley, 219 F.3d 132, 138-140 (2d Cir. 2000). Moreover, allegations of medical malpractice are not sufficient to establish a constitutional violation. White v.

Napoleon, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); see also Daniels v. Williams, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. See Spruill v. Gillis, 372 F.3d 218, 235 (3d. Cir. 2004) (citations omitted).

As discussed above, plaintiff alleges in his complaint that Dr. Burns was deliberately indifferent to his serious medical need. However, he did not respond to the motion for summary judgment and presented no summary judgment evidence to support his assertions. A party opposing a summary judgment motion cannot rest upon the "mere allegations or denials of the adverse party's pleading" but must respond with affidavits or depositions setting forth "specific facts showing that there is a genuine issue for trial." Ray v. Cell Extraction Unit 7, No. 04-4651, 142 Fed. Appx. 650, 651 (3d Cir. 2006) (quoting Fed. R. Civ. P. 56(e)).

Plaintiff's medical records indicate that, prior to his incarceration, he suffered a broken arm. The records indicate that plaintiff received medical care upon his incarceration and that he continued to receive medical treatment which culminated in surgical repair. The record also reflects that Dr. Burns saw plaintiff on a number of occasions subsequent to his

incarceration, and that it was Dr. Burns who referred plaintiff for an orthopedic consultation. Plaintiff may not have received treatment as quickly as he would have liked, but nothing in the record indicates that medical treatment was intentionally delayed, refused, or denied. Notably, it was plaintiff who refused medical treatment on October 17, 18, 19, 21, 22, and 23 2005.

There is no genuine issue of fact. Dr. Burns did not demonstrate deliberate indifference to a serious medical need. Moreover, the record indicates that plaintiff received reasonable medical care. Therefore, the court will grant the motion for summary judgment on this issue.

**IV. MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff moves for appointed counsel on the basis that he has no knowledge of medical law and has no way of going to the law library to receive proper information. (D.I. 21)

Plaintiff, a pro se litigant proceeding in forma pauperis, has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). The "decision to appoint counsel may be made at any point in the litigation, and may be made by a district court sua sponte." Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002). It is within the court's discretion to seek representation by counsel

-8-

for plaintiff, but this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting. . .from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

Dr. Burns was the remaining defendant in this case and the court is granting her motion for summary judgment. Plaintiff cannot succeed on the merits, and this case will be closed. Therefore, the court will deny as moot plaintiff's motion for appointment of counsel.

**V.  CONCLUSION**

For the reasons discussed above, defendant's motion for summary judgment is granted. (D.I. 15) Plaintiff's motion for appointment of counsel is denied as moot. (D.I. 21) An order shall issue.